## NUÑEZ v. ALDREY, DISTRICT JUDGE.

### APPLICATION for a Writ of *Mandamus*.

No. 6.—Decided September 13, 1906.

ACTION—DISQUALIFICATION OF JUDGE.—Judges must decline to act in a proceeding, not only when they are parties to the same, but also when they are interested therein.

ID.—The obligation imposed upon judges by the provisions of section 193 of the Code of Civil Procedure must be considered in relation with the provisions of section 23 of the same Code, because whenever there is good reason to consider himself disqualified, a judge must decline to act as such in the proceeding.

ID.—MANDAMUS.—In this case an application was made for a writ of *mandamus* to compel a district judge to take cognizance of a certain suit in which he had declined to act: *Held*, That the action of the judge was warranted and the writ of *mandamus* would not issue.

The application was presented to Mr. Justice Figueras, at chambers.

The facts are stated in the opinion.

*Mr. Sarmiento* for petitioner.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

The decision of the judge appears herein, and no doubt it was included for the purpose of securing a decision upon the propriety or impropriety of the issuance of the writ of *mandamus* sought without the necessity of any further proceedings.

It is not denied that Pedro Aldrey is the son-in-law of Emilio Montilla, nor that the latter is interested in the suit.

It is alleged only:

1. That it does not appear from the record that Montilla is a party to the suit, and

2. That section 193 of the Code of Civil Procedure imposes upon judges the obligation of rendering judgment in all cases submitted to them, except in the cases mentioned in the preceding section.

In regard to the first point it must be held that a judge cannot act, according to the provisions of section 23 of the Code of Civil Procedure, not only in an action or proceeding to which he is a party, but in one in which he is interested; and the judge in this case sincerely states his interest, which is the result of the interest of his father-in-law therein. That statement, made by the judge on his own responsibility, must be accepted, and for the present it must be admitted that it is in furtherance of justice.

In regard to the second point, it is true that section 193 of the Code above cited imposes an obligation upon judges, but the provisions of this section do not derogate the provisions of section 23, and whenever there is good cause for so doing, a judge must decline to act in a suit. If section 193 were to be so strictly construed, then Chapter III of Title II, which treats of "disqualifications of judges," would be of no purpose in the law.

For these reasons the writ of *mandamus* applied for will not issue.

*Denied.*